# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING ANTHONY ALVAREZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3631 |
| | : | |
| HUD, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                                                                                **November 28, 2022**

      *Pro se* Plaintiff King Anthony Alvarez filed a Second Amended Complaint against the Department of Housing and Urban Development ("HUD"), the City of Philadelphia, the City's Division of Housing and Community Development ("DHCD"), a non-profit organization, the Tenant Union Representative Network ("TURN"), and various individual defendants associated with these entities. Alvarez alleges that Defendants terminated his subsidized housing benefit as retaliation for criticizing TURN and filing this lawsuit. The Court previously granted Alvarez leave to proceed *in forma pauperis* and dismissed his claims without prejudice. For the following reasons, the Court will dismiss Alvarez's Second Amended Complaint without further leave to amend and deny his Motion for an Emergency Hearing.

I

In his previously-dismissed Amended Complaint,[1] Alvarez alleged that his subsidized housing was unsafe for him and his cats. (Am. Compl. at 5, ECF No. 8.)[2] He further alleged that he repeatedly notified HUD and DHCD about TURN's fraud and negligence but that nothing was done to remedy his complaints. (*Id*.) Based on these facts, Alvarez asserted claims for retaliation, the "right to safe housing," and negligence. (*Id*. at 3.) In an October 5, 2022 Memorandum and Order, the Court dismissed Alvarez's Amended Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Alvarez v. HUD*, No. 22-3631, 2022 WL 5221357, at *5 (E.D. Pa. Oct. 5, 2022). The Court liberally construed Alvarez's "vague and factually undeveloped" claims as falling under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the Federal Torts Claims Act ("FTCA"), and Pennsylvania state law (negligence). *Id*. at 3.[3]

---

[1] Alvarez's initial Complaint was filed on September 12, 2022, and consisted of a two-page email that was deficient as a formal complaint in a civil action. Alvarez filed the Amended Complaint on September 26, 2022.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] The Court dismissed the *Bivens* claim against HUD as barred by sovereign immunity and dismissed the FTCA claim against HUD because Alvarez failed to name the proper defendant and did not allege administrative exhaustion. *Alvarez*, 2022 WL 5221357, at 2-3. The Court dismissed all § 1983 claims against the City of Philadelphia and DHCD because Alvarez did not allege a municipal policy or custom to state a *Monell* claim and failed to state an underlying constitutional violation. *Id*. at 3. The Court dismissed all § 1983 claims against TURN because Alvarez did not allege that TURN was a state actor and failed to state any plausible underlying constitutional claim against TURN. *Id*. at 4. Finally, the Court dismissed the negligence claims because Alvarez failed to allege a basis for diversity jurisdiction over state law claims. *Id*.

The Court gave Alvarez the opportunity to file an amended complaint to cure the defects noted. *Id.*

Alvarez returned with a Second Amended Complaint, in which he names several additional Defendants.[4] Alvarez alleges in this pleading that since 2011, he has received federally-funded housing through a program operated by TURN. (Second Am. Compl. at 16, ECF No. 23.) He states that he was "neglected" by TURN and left to deal with an "angry property manager," who harassed him. (*Id*. at 17, 18.) On September 16, 2022, when Alvarez overheard "the maintenance man" say he was going to break into Alvarez's apartment, he contacted TURN but TURN did not respond. (*Id*. at 17.) Alvarez also alleges that since living in "TURN-funded apartment[s]" he has "been living in strait [sic] fear." (*Id*.) For example, during an annual inspection, a TURN staff member asked Alvarez, "why don't you take out your trash?" (*Id*.) In another incident, a TURN staff member yelled at Alvarez when he visited the office. (*Id*.) Alvarez was "incredibly triggered" by these two events and "for a solid three months [he was] living in trauma." (*Id*.) Alvarez also alleges that TURN repeatedly failed to pay his rent on time. (*Id*. at 18.)

On November 12, 2022, Alvarez was informed that he was terminated from the TURN-funded housing program effective December 31, 2022. (*Id*.) In the termination letter, TURN states that Alvarez's housing funds are discontinued due to his "abusive/threatening behavior towards [his] housing counselor." (*Id*.) Alvarez contends

---

[4] Alvarez names the following additional Defendants: Marcia Fudge; Nadab Bynum; Christine Jones; the Commonwealth of Pennsylvania; the Department of Planning and Development for the City of Philadelphia; Anne Fadullon; Catherine Califano; Melissa Long; Sharee Heaven; Liz Morales; Gary Tumolo; Nicole Lawrence White; Michelle Butler; Sharon Mackrey; Rodney Cherry; and Jeffrey Mann.

that TURN's reason for his termination is "a lie" and that the termination is retaliation for Alvarez filing this lawsuit and for complaining about TURN's "funding mismanagement." (*Id.* at 19.)

Based on these allegations, Alvarez now asserts claims under the Fair Housing Act ("FHA"), Title II of the Civil Rights Act of 1964 ("Title II"), and Title VI of the Civil Rights Act of 1964 ("Title VI"). He also asserts state law claims for libel, gross negligence, negligent infliction of emotional distress, and "dereliction of duty."[5] Alvarez also moves for an emergency hearing (ECF No. 18) and seeks a preliminary and permanent injunction preventing Defendants from terminating his subsidized housing benefit.

II

As Alvarez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

---

[5] Alvarez also purports to assert a claim under 18 U.S.C. § 1512, which criminalizes tampering with a witness, victim, or informant. Section 1512, like other federal criminal statues, does not provide a private cause of action. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), aff'd, 350 F. App'x 605 (3d Cir. 2009) (holding that 18 U.S.C. §§ 1506, 1512, and 1513 do not confer a private right of action).

4

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Alvarez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Alvarez alleges that Defendants failed to provide him "safe and enjoyable housing" by causing "harmful mental and emotional damages." (Second Am. Compl. at 25.) Alvarez also alleges that Defendants terminated his housing funds because he complained about TURN's mismanagement and because he initiated this lawsuit. The Court understands Alvarez to be asserting claims under the FHA.[6]

The FHA makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or

---

[6] The Second Amended Complaint does not assert any FTCA claims or any constitutional claims under § 1983 or *Bivens*.

national origin." 42 U.S.C. § 3604(b).  The FHA also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604 . . . of this title." 42 U.S.C. § 3617.  The regulations associated with § 3617 make clear that the section prohibits acts directed at individuals "because of" their membership in a protected class.  24 C.F.R. § 100.400(c)(2) (listing prohibited conduct to include "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling *because of* the race, color, religion, sex, handicap, familial status, or national origin of such persons" (emphasis added)).  Section 3617 also prohibits "retaliating against any person because that person *reported a discriminatory housing practice* to a housing provider or other authority." *Id* (emphasis added).  24 C.F.R. § 100.400(c).

Alvarez does not state a plausible FHA claim.  The FHA is a federal anti-discrimination statute intended to address discriminatory housing practices targeting members of specific protected classes.  *See Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly*, 658 F.3d 375, 381 (3d Cir. 2011) ("The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class."); *Mitchell v. Cellone*, 389 F.3d 86, 87 (3d Cir. 2004) ("The Fair Housing Act was designed to provide nationwide fair housing to minorities who had previously been victims of invidious racial discrimination.").  Alvarez does not allege that he was discriminated against nor that he was a member of a protected class.  This is fatal to any FHA claim. *See, e.g.*, *Dew v. S. Columbia Terrace, LLC*, 854 F. App'x 460, 462 (3d Cir. 2021) (affirming dismissal of FHA claim where the plaintiff failed to allege his membership in a protected class and noting that discrimination based on source of

income is not protected by the FHA); *Davis v. Rubin*, No. 20-6271, 2020 WL 7624833, at *3 (E.D. Pa. Dec. 22, 2020) (dismissing FHA interference and retaliation claims on screening where plaintiff does not link alleged harassment to "her exercise or enjoyment of a right under the FHA" and does not allege a protected activity involving complaints about discrimination). Accordingly, Alvarez's FHA claims will be dismissed.[7]

Alvarez also asserts state law claims for libel, gross negligence, negligent infliction of emotional distress, and "dereliction of duty." (Sec. Am. Compl. at 9, 21-24.) The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[8] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and Zam*belli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically

---

[7] Alvarez also asserts claims under other anti-discrimination statutes, specifically Title II and Title VI of the Civil Rights Act. (*See* Second Am. Compl. at 9.) Title II prohibits discrimination based on race, color, religion, or national origin at places of public accommodation. *See* 42 U.S.C.A. § 2000a. Title VI prohibits discrimination based on race, color, or national origin by recipients of federal funding. *See* 42 U.S.C. § 2000d. For the same reasons that Alvarez's FHA claims fail, so do his claims under Title II and Title VI. Alvarez has not alleged any discrimination on account of his membership in a protected class.

[8] Because the Court has dismissed Alvarez's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A non-profit corporation is a citizen of both its state of incorporation and principal place of business. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022). A political subdivision of a state is a citizen of the state for purposes of determining diversity jurisdiction. *See Doolin v. Kasin*, 424 F. App'x 106, 109 (3d Cir. 2011) (citing *Moor v. Alameda County*, 411 U.S. 693, 717 (1973)). It appears that Alvarez and at least some of the Defendants are citizens of Pennsylvania such that diversity jurisdiction does not exist over Alvarez's state law claims.

IV

For the foregoing reasons, the Court will dismiss Alvarez's Second Amended Complaint. His federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims will be dismissed for lack of jurisdiction without prejudice to Alvarez's right to refile those claims in the appropriate state court should he choose to do so. Since Alvarez was given an opportunity to amend the defects in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). In addition, Alvarez's Emergency Motion for a hearing, which the Court construes as a request for a temporary restraining order or a preliminary injunction under Federal Rule of Procedure 65, will be denied.[9]

---

[9] In his Motion for an Emergency Hearing, Alvarez requests that the Court intervene to prevent the termination of his subsidized housing benefits. A preliminary injunction or a temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

8

An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). At a minimum, a plaintiff seeking relief under Rule 65 must show that he is likely to succeed on the merits of his claims. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019); *see also Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). As set forth in this Memorandum, Alvarez is not likely to succeed on the merits of his claims.